I hereby attest and certify on 10-12-07 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
OCT 11 2007
CENTRAL DISTRICT OF CALIFORNIA

Priority X
Send X
Enter X
Closed
JS-5/JS-6 X
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

RAYMOND GREEN,
Petitioner,
v.
BEN CURRY, WARDEN, et al.,
Respondents.

No. CV 07-6066 GHK (FFM)

ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

Petitioner, a California state prisoner incarcerated at the Correctional Training Facility in Soledad, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") herein on September 18, 2007.

The Petition does not purport to be directed to the legality of the conviction and/or sentence giving rise to petitioner's incarceration. Rather, the Petition appears to be directed to the execution of petitioner's sentence. In particular, petitioner is challenging the decision of the Board of Prison Hearings finding him unsuitable for parole.

Where a petition for writ of habeas corpus is filed by a person in custody under the judgment and sentence of a State court of a State such as California which contains two or more Federal judicial districts, it may be filed in either the

/ / /

3

judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d).

Here, petitioner's present place of confinement is located in Monterey County, which is within the jurisdictional boundaries of the Northern District of California. *See* 28 U.S.C. § 84(a).

When a habeas petition is directed to the petitioner's underlying conviction or sentence, the district court for the district in which the petitioner was convicted and sentenced is a more convenient forum because of the accessibility of evidence, records, and witnesses. Thus, it generally is the practice of the district courts in California to transfer habeas actions questioning state convictions/sentences to the district in which the petitioner was convicted and sentenced. *See Laue v. Nelson,* 279 F. Supp. 265, 266 (N.D. Cal. 1968).

However, where as here, "the petition is directed to the manner in which a sentence is being executed, . . . the district of confinement is the preferable forum." *Russo v. Newland*, 2000 WL 194812, *1 (N.D. Cal.); *accord In re Phelon*, 2002 WL 31618536, *1 (N.D. Cal.); *Thomas v. Hepburn*, 2001 WL 505916, *1 (N.D. Cal.); *McKnight v. Forman*, 1997 WL 50267, *1 (N.D. Cal.); *see also Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) ("The proper forum to challenge the execution of a sentence is the district where the prisoner is confined.").

Therefore, pursuant to 28 U.S.C. §§ 1404(a) and 2241(d), and in furtherance of the interest of justice,

**IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Northern District of California.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon petitioner and upon the California Attorney General.

DATED: 10/11/07

GEORGE H. KING
United States District Judge

Presented by:

FREDERICK F. MUMM
United States Magistrate Judge