1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  BRIAN C. KINNEY, State Bar No. 245344
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5255
    Fax:  (415) 703-5843
8   Email:  Brian.Kinney@doj.ca.gov

9  Attorneys for Respondent Ben Curry, Warden at
   the Correctional Training Facility
10

11                  IN THE UNITED STATES DISTRICT COURT
12
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
13
                          OAKLAND DIVISION
14

15  **RAYMOND GREEN,**                    C 07-05301 SBA

16                       Petitioner,      **RESPONDENT'S REQUEST FOR STAY
                                          PENDING ISSUANCE OF THE**
17         v.                             **MANDATE IN** *HAYWARD*

18  **BEN CURRY,  Warden,**

19                       Respondent.
                                          Judge:  The Honorable Saundra B. Armstrong
20

21                          **INTRODUCTION**

22        Petitioner Raymond Green filed a Petition for Writ of Habeas Corpus contending that the

23  Board of Parole Hearings' 2005 decision denying him parole violated his due process rights.  The

24  Court ordered a response to the Petition.  On May 16, 2008, the Ninth Circuit granted en banc

25  review in *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008).  Oral argument in *Hayward*

26  occurred on June 24, 2008.  *Id.*  The en banc court in *Hayward* may decide whether this Court

27  has jurisdiction over this case, and the appropriate standard to be applied if there is jurisdiction.

28  Therefore, Respondent requests a stay of this case pending the issuance of the mandate in

Resp't's Req. for Stay                                          *Green v. Curry*
                                                                C 07-05301 SBA

1  *Hayward.*

2  If this request is denied, Respondent respectfully seeks twenty days from the date of the

3  Court's denial to file a responsive pleading to the Order to Show Cause.

4  ### ARGUMENT

5  ### I.

6  **THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS**
   **MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***

7  **BECAUSE BOTH THE BALANCE OF THE INTERESTS AND**
   **CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR**

8  **GRANTING A STAY.**

9  A trial court has discretion to ensure the just and efficient determination of a case by staying

10  it pending the resolution of other proceedings where a stay would be "efficient for [the court's]

11  docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857,

12  863 (9th Cir. 1979). In determining whether to grant a stay, a court should consider the possible

13  damage that may result, the hardship or inequity that a party may suffer, and the orderly course of

14  justice, in terms of simplifying or complicating the issues, proof, and questions of law, that could

15  result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109, 1111 (9th Cir.

16  2005). A court should also take into account the existence of similar cases that are pending in

17  the same district court, and the probability that more are likely to be filed. *Id.* Staying cases that

18  are on the forefront of an issue provides a necessary delay, allowing for resolution of the issues

19  and resulting in uniform treatment of like suits. *Id.*

20  As the resolution of *Hayward* could significantly impact this case and numerous similar

21  cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the

22  Court should therefore exercise its discretion and stay this matter pending the issuance of the

23  mandate in *Hayward.*

24  **A.    Moving Forward with This Case Before the Finality of *Hayward* Does Not**
        **Serve the Interest of Judicial Economy.**

25  Granting a stay in this case serves the interests of judicial order and economy. On May 16,

26  2008, the Ninth Circuit granted rehearing en banc in *Hayward*, 527 F.3d 797. At issue before the

27  en banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this

28

1    case: 1) whether California has created a federally protected liberty interest in parole for life

2    inmates, and 2) if a liberty interest is created, what process is due under clearly established

3    Supreme Court authority.  Resolution of these issues could establish that Petitioner does not have

4    a federally protected liberty interest in parole, potentially allowing the Court to dismiss his

5    claims for lack of jurisdiction without requiring briefing from the parties.  Moreover, it would be

6    wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the

7    parties would need to brief issues that will be decided en banc and then submit supplemental

8    briefing to apply the law as clarified in the en banc decision.  The two rounds of pleadings may

9    unnecessarily complicate the matters raised and would impair the orderly course of justice.

10   Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the

11   Court from having to revisit this matter if *Hayward* is modified or reversed.

12       A stay would also serve judicial order and economy by maintaining uniform treatment of

13   like suits, as once the law is settled it can be uniformly applied.  In many habeas petitions

14   challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of

15   the cases until the resolution of *Hayward*.  *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*

16   *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;

17   *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-

18   17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

19       Granting a stay would therefore conserve judicial resources and serve the Court's interest in

20   orderly managing these proceedings.

21       **B.    A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

22       A stay of this case at the district level would not unfairly impose any additional or otherwise

23   avoidable hardship on Petitioner.  As discussed above, if the parties proceed in this case

24   additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying final

25   resolution.  Also, even if this court decides this case before *Hayward*, it is likely the losing party

26   will file an appeal, and that appeal may be delayed pending resolution of *Hayward*.  (*See* Arg.

27   I.A.)

28   / / /

Resp't's Req. for Stay                                                                    *Green v. Curry*
                                                                                          C 07-05301 SBA

1

**CONCLUSION**

2    When the equities are balanced, the parties' interests and the interests of judicial economy

3 support staying this case pending the final resolution of *Hayward*. Staying this case until

4 challenges to *Hayward* are resolved and that decision becomes final promotes the orderly

5 resolution of this matter, and will assist in maintaining uniformity of like suits pending before

6 this Court and similar cases that will be filed in the future. Respondent therefore requests that

7 the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

8    Alternatively, if the Court denies this request, Respondent respectfully requests twenty days

9 from the date of the denial to file a responsive pleading to the Order to Show Cause.

10    Dated:  September 10, 2008

11                          Respectfully submitted,

12    EDMUND G. BROWN JR.
      Attorney General of the State of California

13    DANE R. GILLETTE
14    Chief Assistant Attorney General

      JULIE L. GARLAND
15    Senior Assistant Attorney General

      JESSICA N. BLONIEN
16    Supervising Deputy Attorney General

17

18

19    /S/ BRIAN C. KINNEY
      BRIAN C. KINNEY
20    Deputy Attorney General
      Attorneys for Respondent

21

22    20142059.wpd
23    SF2008401827

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Raymond Green v. Ben Curry, Warden**

Case No.:    **C 07-05301 SBA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 12, 2008**, I served the attached

**RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN** *HAYWARD*

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Raymond Green (E-68189)
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0686
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 12, 2008**, at San Francisco, California.

| R. Panganiban | /S/ R. Panganiban |
|:---:|:---:|
| Declarant | Signature |

20143435.wpd